The Honorable David Johnson State Senator 1204 North Harrison Street Little Rock, Arkansas 72207
Dear Senator Johnson:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Assuming that a county has no zoning laws in effect, is there any legal impediment to incorporating minimum lot size restrictions in county subdivision rules and regulations?
You indicate in your statement of background facts that your question is prompted by concern that overdevelopment of the properties surrounding Lake Maumelle might compromise the quality of this drinking supply.
RESPONSE
In my opinion, the answer to this question is "no," so long as the restrictions are reasonable. I believe current legislation would authorize Pulaski County to impose reasonable lot-size restrictions designed to address environmental concerns.
A county, acting through its quorum court, is expressly authorized to enact legislation relating to planning and zoning. A.C.A. § 14-14-807(a) (Repl. 1998). The legislation on this matter, codified in part at A.C.A. § 14-17-208 (Supp. 2007), provides in pertinent part: *Page 2 
 (a) The county planning board[1] may prepare and, after approval by the county quorum court, shall administer the ordinance controlling the development of land. The development of land includes, but is not limited to, the provision of access to lots and parcels, the provision of utilities, the subdividing of land into lots and blocks, and the parceling of land resulting in the need for access and utilities.
 (b) The ordinance controlling the development of land may establish or provide for minimum requirements as to:
 * * * (2) The design and layout of the subdivision, including standards for lots and blocks, streets, public rights-of-way, easements, utilities, consideration of school district boundaries, and other similar items[.]
(Emphasis added.)
Subsection 14-17-207(a) (Sup. 2007) further provides:
 The county planning board, by majority vote of its entire membership, may recommend to the county quorum court the adoption, revision, or rescission of an official plan for the county or zoning, subdivision, setback, or entry control ordinances referred to as implementing ordinances in this subchapter.
(Emphasis added.)
Subsection 14-17-206(a) (Supp. 2007) further provides that the county plan "shall seek to promote the health, safety, convenience, prosperity, and welfare of the *Page 3 
people" — a statement of principle that embodies the county's general police power. Subsection (b)(1) of this statute expressly includes among the county's permissible development policies "[t]he conservation of natural resources," which in my estimation would include preserving the integrity of the Lake Maumelle watershed. Subsection (b)(2) of this statute further specifies that these policies should include "[t]he protection of areas of environmental concern" — a mandate I believe would be applicable to your stated concerns.
As stated in 83 Am. Jur. 2d, Zoning and Planning § 200 (1992):
 The purpose of regulations prescribing a minimum area for house lots is to control the density of population, reduce congestion, and prevent undue concentration of population, and such legislation is generally a lawful exercise of the police power in the furtherance of public health and safety. Minimum lot size requirements relate to the legitimate needs of the community in assuring adequate health and safety. . . . However, such restrictions will be declared invalid if arbitrary or a clear abuse of power is shown or where application of the restriction deprives the owners of all practical value without compensation.
 Lot area regulations will be upheld where they are not so stringent as to be exclusionary, and they will be sustained where they diminish the value of certain land without destroying its use value.[2]
(Footnotes omitted.)
I do not believe regulation of the sort at issue in your request must necessarily be enacted by way of a zoning ordinance. See Op. Att'y Gen. No. 97-308 (opining that a county might regulate cellular towers under its general police powers without enacting a zoning ordinance). In this regard, I will note that A.C.A. § 14-17-209 *Page 4 
(Supp. 2007) expressly addresses the issue of zoning, whereas the statutes discussed above generally address the county's authority to regulate subdivision development. This distinction strongly supports the conclusion that lot-size restrictions, which clearly appear to be contemplated in the statutes recited above, need not be imposed exclusively through zoning restrictions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The county judge, with the approval of a majority of the quorum court, is authorized to establish a planning board. A.C.A. § 14-17-203(a) (Supp. 2007). As noted in Op. Att'y Gen. No. 2007-056:
 While the quorum court "may elect to assume the powers, duties, and functions of the board[,]'" id. at (f), those powers, duties, and functions are generally established by statute. See A.C.A. § 14-17-205 (Repl. 1998).
[2] With respect to the standard for testing compliance with this standard, § 201 of this treatise provides:
 The customary presumption of validity attaches to minimum lot area requirements; they will not be disapproved unless the presumption is overcome. Thus, where a minimum lot restriction is not unreasonable on its face, the objecting party must produce evidence to show that it is in fact unreasonable in its operation.
(Footnotes omitted.) *Page 1